UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

GREGORY LEPOSA,
                Plaintiff,
v.

**COMPLAINT AND JURY DEMAND**

NATIONAL RAILROAD PASSENGER CORP.
A/K/A AMTRAK, AND KEOLIS COMMUTER
SERVICES, LLC.
                Defendants.

## INTRODUCTION

1.    This is a complaint under the Federal Employers Liability Act (FELA) for personal injuries sustained by the plaintiff while he was employed by the defendant, National Railroad Passenger Corporation, (hereinafter "NRPC') and under common law and Massachusetts State law against Keolis Commuter Services, LLC (hereinafter "Keolis"). This matter arises out of a collision between two trains which occurred on or about August 27, 2014 in Boston, Massachusetts. One train was being operated by NRPC, the other by Keolis.

## JURISDICTION

2.    This Court has jurisdiction over this matter pursuant to the Federal Employers Liability Act, 45 U.S.C. §51, *et. seq.* and 28 U.S.C. §1367. The District Court has original jurisdiction under FELA and supplemental jurisdiction under 28 U.S.C. §1367. All claims are so related to those claims over which the Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

1

## THE PARTIES

3. The plaintiff, Gregory Leposa, is a resident of Weymouth, Massachusetts and brings this action pursuant to the Federal Employers Liability Act, 45 U.S.C. §51 et. seq., for injuries which occurred while he was employed by the defendant, NRPC.

4. Defendant, NRCP is a railroad corporation duly established by law and having a usual place of business in Boston, Massachusetts and having its principal place of business at 60 Massachusetts Avenue, Washington, D.C.

5. Defendant, Keolis, is a corporation organized and existing under the laws of the Commonwealth of Massachusetts and which does business as a railroad Massachusetts and has its principal place of business at 470 Atlantic Avenue, Boston, Massachusetts.

## COUNT I – FELA CLAIM VS. NRPC

6. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 5 of this Complaint.

7. During all times herein mentioned, the defendant, National Railroad Passenger Corporation was a common carrier, engaged in the business of interstate commerce and, as such, operated a railroad in such business between Boston and Washington, D.C.

8. At the time the plaintiff received the injuries complained of, both he and the defendant were engaged in interstate commerce, within the meaning of the Federal Employers Liability Act.

9. The injuries and damages giving rise to this cause of action are a result of the plaintiff being injured while working as a Conductor for the defendant NRPC.

10. During the course of the plaintiff's employment on or about August 27, 2014, the defendant, acting through its agents, servants or employees, negligently caused plaintiff to be

injured. NRPC negligently exposed plaintiff to risk of injury from the dangerous and unsafe conditions that existed in the vicinity where defendant, NRPC Train#137, which plaintiff was aboard, was struck by defendant, Keolis Train#015.

11. As a result of the negligence of the defendant and its failure to provide a safe place to work the plaintiff was injured and made sick, sore, lame and has suffered great pain of body, anguish of mind and will continue to suffer for an indeterminate period of time in the future; that prior to said sickness plaintiff was a strong, able bodied man capable of earning and actually earning the salary of a Conductor employed by defendant, NRPC; that as a result of said sickness the plaintiff has been incapacitated and prevented from engaging in his employment, has lost wages, and that that plaintiff will continue to be so incapacitated in the future; that the plaintiff has been and will be caused to incur expenses for medical treatment including medication in caring for said injuries.

## **COUNT II – NEGLIGENCE VS. KEOLIS**

12. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 11 of this Complaint.

13. During all times relevant to this Complaint, the defendant, Keolis was a railroad and it operated the Massachusetts Commuter Rail System under contract with Massachusetts Bay Transportation Authority, (hereinafter "MBTA").

14. On or about August 27, 2014, employees of Keolis were operating Train #015 in the vicinity of South Station in Boston, Massachusetts.

15. As a result of defendant, Keolis', negligent conduct, its violation(s) of safety regulations, and its breach of its duty of care, Keolis Train #015 collided with defendant, NPRC Train #137.

16.     As a direct and proximate result of defendant, Keolis' negligence and its breach of its duty of care, plaintiff was injured.

17.     As a result of the negligence of the defendant, and its violation(s) of safety regulations, the plaintiff was injured and made sick, sore, lame and has suffered great pain of body, anguish of mind and will continue to suffer for an indeterminate period of time in the future; that prior to said sickness plaintiff was a strong, able bodied man capable of earning and actually earning the salary of a Conductor employed by defendant, NRPC; that as a result of said sickness the plaintiff has been incapacitated and prevented from engaging in his employment, and that that plaintiff will continue to be so incapacitated in the future; that the plaintiff has been and will be caused to incur expenses for doctors and hospital services and for medicine in caring for said injuries.

WHEREFORE, plaintiff demands judgment against both defendants jointly and severally together with costs and interest.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED IN HIS COMPLAINT.**

Respectfully Submitted,
Gregory Leposa,
By his attorney,

_____
Michael J. McDevitt, Esq. (BBO #564720)
Lawson & Weitzen, LLP,
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990
mmcdevitt@lawson-weitzen.com

Dated: 3/17/15

4